IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHENETRICE MAYFIELD                                                              PLAINTIFF

VS.                                                     CASE NO. 3:19-cv-235-HTW-LRA

ABC EMPLOYMENT HOLDINGS, LLC
d/b/a MS COMPANIES, LLC                                                          DEFENDANT

---

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

---

COMES NOW Plaintiff, Shenetrice Mayfield (hereinafter "Plaintiff"), files this action against Defendant, ABC Employment Holdings, LLC, d/b/a MS Companies, LLC (hereinafter "Defendant") for unpaid minimum wage compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought by Plaintiff under the FLSA to recover unpaid minimum wage compensation, liquidated damages and reasonable attorneys' fees and costs from Defendant.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid minimum wage compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4. The United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## VENUE

6. Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendant and Defendant therefore "resides" in Mississippi.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiff either worked for Defendant within this district during the relevant time period subject to this Complaint and/or Defendant maintained a business operation within this district.

8. Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9. At all material times hereto, Defendant is a limited liability company who operates and conducts business in Madison (Madison County), Mississippi.

10. At all material times hereto, Plaintiff was, is and continues to be a resident of Madison County, Mississippi.

11. Plaintiff was an employee of Defendant and worked as an automobile materials inspector for Defendant in Madison County, Mississippi.

## COVERAGE

12. At all material times hereto (2016-2019), Plaintiff was an "employee" within the meaning of the FLSA.

13. At all material times hereto (2016-2019), Defendant was the "employer" within the meaning of the FLSA.

14. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

15. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all material times hereto (2016-2019), Defendant was, is, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all material times hereto (2016-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18. At all material times hereto (2016-2019), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

19. At all material times hereto (2016-2019), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a) Operated instrumentalities of commerce;

    b) Transported goods in commerce;

    c) Used channels of commerce;

    d) Communicated across state lines; and/or

    e) Performed work essential to any of the preceding activities.

20. Defendant and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21. At all material times hereto (2016-2019), the work performed by Plaintiff was directly essential to the operations performed by Defendant.

22. At all material times hereto (2016-2019), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all those hours worked in a work week.

23. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff, are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

24. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

25. Defendant is headquartered in Indianapolis, Indiana and conducts business in the State of Mississippi.

26. According to its website, Defendant provides employment services, such as training, development, human resource and staffing solutions, to automotive and other industries.

27. Defendant earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

28. Plaintiff worked as an automobile materials inspector for Defendant. Specifically, Plaintiff was tasked with inspecting foam material to be used in automobile seats.

29. Plaintiff worked in this capacity from approximately March 1, 2018 through November 1, 2018.

30. Defendant classified Plaintiff as a non-exempt employee.

31. Defendant set Plaintiff's regular rate of pay was $10.00 per hour. Defendant paid Plaintiff on a weekly basis.

32. During her employment with Defendant, Plaintiff essentially performed work without compensation; therefore, she was not paid at least full minimum wage for all hours worked during one (1) or more workweeks.

33. Defendant set Plaintiff's work schedule and required her to be on Defendant's premises for work during prescribed work hours; however, if Defendant did not receive materials that needed inspection on a particular day, it did not pay Plaintiff, or other

workers, for the actual time that they were required to remain on Defendant's premises in anticipation of labor.

34. For example, Plaintiff was required to report and remain at work for a total of twelve (12) hours on November 11, 2018; however, because no materials were delivered to Defendant's premises on this particular day, Defendant reduced Plaintiff's compensable work time to a total of two (2) hours on that day.

35. Plaintiff complained to her immediate supervisor about the deduction of her work hours on this day.

36. Defendant terminated Plaintiff without explanation in response to her inquiry about her work hours.

37. Upon information and belief, Plaintiff estimates that Defendant's illegal practice of deducting her actual work hours deprived her of approximately one hundred and fifty (150) compensable hours over the course of her employ with Defendant.

38. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendant for which no provisions were made by Defendant to ensure that Plaintiff was paid her complete wages.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

40. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage compensation with respect to Plaintiff.

41. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

42. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

43. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

### COUNT I - RECOVERY OF FEDERAL MINIMUM WAGES

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-43 above.

45. Plaintiff is/was entitled to be paid at least minimum wage for each hour worked during her employment with Defendant.

46. During her employment with Defendant, Plaintiff worked multiple hours without compensation, and was therefore not paid at least full minimum wage for all hours worked during one or more workweeks.

47. Specifically, Plaintiff's hours were reduced from what she actually worked and she was not paid at all for those hours worked.

48. Plaintiff has demanded proper compensation for one (1) or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate her for the same. As a result of Defendant's actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one (1) or more weeks of her employment with Defendant.

49. Defendant willfully failed to pay Plaintiff at least minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

50. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one (1) or more weeks of work with Defendant.

## COUNT II – RETALIATION

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-43 above.

52. Plaintiff complained to Defendant and demanded to be compensated minimum wage in accordance with the FLSA.

53. As a direct result of her complaints, Plaintiff was terminated.

54. Plaintiff was subjected to an adverse employment decision by Defendant and has suffered damages as a result Defendant's actions.

55. Defendant has discriminated against Plaintiff because she was inquiring about Defendant's failure to pay proper minimum wage pay.

56. Defendant's actions towards Plaintiff are discriminatory and retaliatory in nature against Plaintiff in violation of 29 U.S.C. §215(a)(3).

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, ABC Employment Holdings, LLC, d/b/a MS Companies, LLC:

   a. Awarding Plaintiff minimum wage back pay;

   b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

   c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   d. Awarding Plaintiff pre-judgment interest;

   e. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 5th day of April, 2019.

Respectfully submitted,
SHENETRICE MAYFIELD, PLAINTIFF

CHRISTOPHER W. ESPY (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel:   601-718-2087
Fax:   601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF

COUNTY: Madison
STATE: Mississippi

I, SHENETRICE MAYFIELD, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

DATE: 4-2-19

SHENETRICE MAYFIELD, PLAINTIFF

9